```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
_____
                                    :
RAHEEM HARRITY,                     :
                                    :
          Petitioner,               :   Civ. No. 18-13445(NLH)
                                    :
     v.                             :   OPINION
                                    :
THE ATTORNEY GENERAL OF THE STATE   :
OF NEW JERSEY, et al.,              :
                                    :
          Respondents.              :
_____ :
```

APPEARANCE:
Raheem Harrity, No. 460023-C
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625
     Petitioner Pro Se

HILLMAN, District Judge

Petitioner Raheem Harrity, a prisoner presently incarcerated at the New Jersey State Prison in Trenton, New Jersey, seeks to bring this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. See ECF No. 1 (Petition).

Required Form

Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L. Civ. R. 81.2(a). Petitioner did not use the required habeas form supplied by the Clerk for § 2254 petitions, i.e., AO 241

(modified):DNJ-Habeas-008(Rev.01-2014). <u>See</u> ECF No. 1. As a result, the Court will administratively terminate this matter and require Petitioner to submit his Petition on the correct form.

<u>CONCLUSION</u>

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the Petition or assessing a filing fee.[1] Petitioner will be granted leave to apply to re-open within thirty (30) days so long as he complies with the requirement to submit his petition on the required form. An appropriate Order follows.

Dated: September 28, 2018     s/ Noel L. Hillman
At Camden, New Jersey     NOEL L. HILLMAN, U.S.D.J.

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988) (prisoner mailbox rule); <u>Papotto v. Hartford Life & Acc. Ins. Co.</u>, 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

2