**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RAHEEM HARRITY, | 1:18-cv-13445 (NLH) |
| Petitioner, | **MEMORANDUM OPINION & ORDER** |
| v. | |
| MR. STEVEN JOHNSON, et al., | |
| Respondents. | |

**APPEARANCES**:

Raheem Harrity
460023-C
New Jersey State Prison
PO Box 861
Trenton, NJ 08625
    Petitioner pro se

**HILLMAN, District Judge**

WHEREAS, Petitioner Raheem Harrity ("Petitioner"), a prisoner currently confined at the New Jersey State Prison in Trenton, New Jersey, has submitted a petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, see ECF No. 1; and

WHEREAS, Petitioner filed a motion to stay this matter so he could exhaust certain grounds petition in state court, see ECF No. 7; and

WHEREAS, the Court granted Petitioner's motion for a stay on January 31, 2019, see ECF No. 15.  One month after the stay was granted, Petitioner filed a request to reopen this matter

and a motion to amend and resubmit his original § 2254 petition as well as a supplemental memorandum of law.  See ECF Nos. 16 (motion), 16-1 (supplemental memorandum of law); and

WHEREAS, Respondent opposed Petitioner's request to reopen because it did not appear that Petitioner completed the exhaustion process in the state courts, see ECF No. 17; and

WHEREAS, the Court requested clarification from Petitioner as to the status of his claims in state court.  ECF No. 20.  The Court further advised Petitioner that if he had not exhausted all of his claims, he could either withdraw his unexhausted claims or his petition would be dismissed without prejudice as an impermissible mixed petition, id. ¶ 10; and

WHEREAS, Petitioner submitted a motion to reopen explaining the circumstances that led to his prior filing.  ECF No. 22.  Petitioner's third post-conviction relief petition was denied, and "due to the Petitioner failing to effectively litigate the points contained in his third post-conviction relief and believing that further exhausting said grounds would have resulted in no successful relief" he decided to return to federal court.  Id. at 12-13; and

WHEREAS, in response to the Court's request for clarification, Petitioner asks the Court to "allow the Petitioner to delete any and all unexhausted issues and proceed with only his amended petition [ECF No. 21]."  Id. at 16

2

(emphasis in original). Petitioner further states that only Ground One of the amended petition is exhausted, id. at 15; and

WHEREAS, the state has not filed opposition to Petitioner's motion; and

WHEREAS, the Court will grant Petitioner's motion and reopen this matter. However, in an abundance of caution and because Petitioner is a pro se litigant, the Court informs Petitioner that by deleting his unexhausted claims and continuing with only the exhausted Ground One of the amended petition, Petitioner will be barred from having a federal court review his other claims under 28 U.S.C. § 2254. If Petitioner does not want to delete his unexhausted claims, he must write to the Court and request that his petition be dismissed without prejudice within 45 days of this Order. If the Court does not receive any communication from Petitioner within that 45-day period, the Court will take that as Petitioner's assent to delete the unexhausted claims and proceed with only Ground One of the amended petition;

THEREFORE, IT IS on this ___9th___ day of <u>January</u>, 2020

ORDERED that Petitioner's motion to reopen his § 2254 petition, ECF No. 22, is granted; and it is further

ORDERED that the Clerk of the Court shall restore this matter to the Court's active docket by lifting the stay imposed on January 31, 2019 and reopening this matter; and it is further

ORDERED that Petitioner is informed that by deleting his unexhausted claims and proceeding only on his exhausted claim, he will be barred from having a federal court review the unexhausted claims under 28 U.S.C. § 2254 at a later date; and it is further

ORDERED that if Petitioner does not want to delete his unexhausted claims, he must write to the Court within 45 days of this Order and request that his entire petition be dismissed without prejudice instead.  If Petitioner does not submit anything to the Court within 45 days from this Order, the Court will take that as Petitioner's assent to delete his unexhausted claims and proceed accordingly; and it is finally

ORDERED that the Clerk shall send a copy of this Order to Petitioner by regular mail.


At Camden, New Jersey

    s/ Noel L. Hillman  
NOEL L. HILLMAN, U.S.D.J.