```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

  RAHEEM HARRITY,                    1:18-cv-13445 (NLH)

               Petitioner,           **MEMORANDUM OPINION & ORDER**

       v.

  MR. STEVEN JOHNSON, et al.,

               Respondents.

**APPEARANCES**:

Raheem Harrity
460023-C
New Jersey State Prison
PO Box 861
Trenton, NJ 08625

     Petitioner pro se

Jill S. Mayer, Acting Camden County Prosecutor
Linda A. Shashoua, Assistant Prosecutor
Camden County Prosecutor's Office
Appeals Unit
25 North Fifth Street
Camden, NJ 08102

     Attorneys for Respondent

**HILLMAN, District Judge**

　　WHEREAS, Petitioner Raheem Harrity ("Petitioner"), a prisoner currently confined at the New Jersey State Prison in Trenton, New Jersey, submitted a petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, see ECF No. 1; and

WHEREAS, Petitioner filed a motion to stay this matter so he could exhaust certain grounds petition in state court, see ECF No. 7; and

WHEREAS, the Court granted Petitioner's motion for a stay on January 31, 2019, see ECF No. 15.  One month after the stay was granted, Petitioner filed a request to reopen this matter and a motion to amend and resubmit his original § 2254 petition as well as a supplemental memorandum of law.  See ECF Nos. 16 (motion), 16-1 (supplemental memorandum of law); and

WHEREAS, Petitioner subsequently filed an amended petition, see ECF No. 21; and

WHEREAS, Petitioner asked the Court to "allow the Petitioner to delete any and all unexhausted issues and proceed with only his amended petition [ECF No. 21]."  ECF No. 22 at 16 (emphasis in original).  Petitioner indicated that only Ground One of the amended petition was exhausted, id. at 15; and

WHEREAS, the Court informed Petitioner of the consequences of deleting his unexhausted claims and continuing with only the exhausted Ground One under § 2254, see ECF No. 23.  The Court gave Petitioner a choice to either withdraw his petition entirely or proceed only on the exhausted claim, id.; and

WHEREAS, Petitioner did not respond to the Court's notice.  Per the terms of the Court's January 9, 2020 order, the Court considers Petitioner to have understood and agreed to delete the

2

unexhausted claims and proceed with only Ground One of the amended petition; and

WHEREAS, the Court has reviewed Ground One under Rule 4 of the Rules Governing Section 2254 proceedings and determined that an answer is warranted,

THEREFORE, IT IS on this   7th    day of July, 2020

ORDERED that within 45 days of this Order, Respondents shall file either a Motion to Dismiss on timeliness grounds only or a complete answer to Ground One of the amended petition, ECF No. 21; and it is further

ORDERED that any Motion to Dismiss must (1) attach exhibits that evince all relevant state court filing dates; (2) contain legal argument discussing pertinent timeliness law; and (3) demonstrate that an Answer to the merits of the Amended Petition is unnecessary; and it is further

ORDERED that if a Motion to Dismiss is filed, Petitioner shall have thirty (30) days to file an opposition brief, in which Petitioner may argue any bases for statutory and/or equitable tolling, and to which Petitioner may attach any relevant exhibits; and it is further

ORDERED that if Petitioner files an opposition, Respondents shall have ten (10) days to file a reply brief; and it is further

ORDERED that if the Motion to Dismiss is subsequently

denied, the Court will then direct Respondents to file a full and complete answer; and it is further

ORDERED that if no Motion to Dismiss is filed, Respondents' answer shall respond to Ground One in accordance with Habeas Rule 5(b); and it is further

ORDERED that Respondents' answer shall address the merits of Ground One by citing to relevant <u>federal</u> law; and it is further

ORDERED that Respondents' answer shall adhere to the requirements of Habeas Rule 5(c) and (d) in providing the relevant state court record of proceedings, including any pro se filings; and it is further

ORDERED that the answer shall contain an index of exhibits identifying each document from the relevant state court proceedings that is filed with the answer; and it is further

ORDERED that Respondents shall electronically file the answer, the exhibits, and the list of exhibits; and it is further

ORDERED that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

ORDERED that Petitioner may file and serve a reply to the answer within forty-five (45) days after Respondents file the answer, see Habeas Rule 5(e); it is further

ORDERED that any request to deviate from this Order shall be by motion; and it is further

ORDERED that, within seven (7) days after any change in Petitioner's custody status, be it release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court; and is finally

ORDERED that the Clerk shall send a copy of this Order to Petitioner by regular mail.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.